IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.: 006-271 (PLF)** |
| | : | |
| v. | : | |
| | : | |
| **GUSTAVO VILLANUEVO-SOTELO,** | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

### GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
### OTHER CRIMES EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to admit certain other crimes evidence, pursuant to Rule 404(b), Fed. R. Evid., and in accordance with Drew v. United States, 118 U.S. App. D.C. 11, 16, 331 F.2d 85, 89 (D.C. Cir. 1964), and its progeny. In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at the hearing regarding this evidence.

The defendant is charged with Unlawful Reentry of a Removed Alien (Count One), Possession of Fraudulent Document Prescribed for Authorized Stay or Employment (Count Two), and Aggravated Identity Theft (Count Three). The latter two offenses relate to a fraudulent Permanent Resident card that the defendant possessed when he was arrested, on August 5, 2006. The fake Permanent Resident card bore the defendant's name, birth date and photograph. One of the elements the government must prove in order to establish the defendant's guilt of Count Two is

that he knew the Permanent Resident card had been forged, counterfeited, altered or falsely made.[1]

In order to help prove the defendant knew that his Permanent Resident card was fraudulent, that is, forged, counterfeited, altered or falsely made, the government seeks permission to introduce evidence that the defendant was in possession of numerous fraudulent documents when he was arrested in Oroville, Washington, on July 5, 1991.[2] At the time of that offense, the defendant was stopped by the police during a traffic stop and arrested for driving on a suspended California license. During a search of the car, incident to the defendant's arrest, the police discovered a plastic bag that contained numerous fraudulent documents, including 11 partially completed social security cards; 13 partially completed alien registration cards (Form I-151's)[3]; 10 blank Form I-151's; 19 green wavy lined plastic photo overlays, which were used to make fake alien registration cards; and 17 unused laminates, which are used to make fake alien registration cards. These fake documents included a

---

[1] In order to prove Count Two, the government must prove the following:

First, that the defendant knowingly possessed a document that is required for entry into, or as evidence of authorized stay or employment in the United States, in this case, a Permanent Resident card.

Second, that the defendant possessed the Permanent Resident card willfully and with knowledge that such document had been forged, counterfeited, altered or falsely made.

[2] As a result of this arrest, the defendant pleaded guilty, in the U.S. District Court for the Eastern District of Washington, to three offenses: Alien in United States After Deportation, Possession of False Documents and Possession of Five or More False Identification Documents with intent to Transfer Them. On August 22, 1991, he was sentenced to two months' imprisonment. If permitted to introduce evidence that the defendant possessed the fake documents in 1991, the government **does not** intend to also introduce evidence that the defendant was convicted of these offenses.

[3] The Form I-151, otherwise known as an alien registration card, or "green card," is the predecessor to the Form I-551, which is the current green card, otherwise known as a Permanent Resident card or alien registration card.

fraudulent social security card and alien registration card, both in the defendant's name. Shortly after his arrest, the defendant told a U.S. Border Patrol Agent who was interviewing him that he had purchased the fake documents, and that he intended to type them up and sell them.

The government contends that admission of this evidence showing that the defendant previously possessed fake documents is admissible under Rule 404(b), Fed. R. Crim. P. That Rule provides that evidence of a defendant's other crimes, wrongs or acts is not admissible to prove his character, but may be admissible to prove matters such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . ." Importantly, "[u]nder the law of this circuit, 'Rule 404(b) is a rule of inclusion rather than exclusion,' . . . and it is 'quite permissive,' excluding evidence only if it is offered for the sole purpose of proving that a person's actions conformed to his or her character.'" U.S. v. Long, 328 F.3d 655, 660-61 (D.C. Cir. 2003) (citations and quotations omitted).

In this case, the government seeks to introduce evidence at trial that, in 1991, the defendant knowingly possessed various fraudulent documents and admitted that he intended to finish the incomplete documents and sell them. This evidence helps establish that the defendant is knowledgeable about fake documents and thus, more likely than not, knew that the Permanent Resident card in his possession on August 5, 2006, was also a fake document. Furthermore, the defendant's possession of fake documents in 1991 – especially a fake alien registration card similar to the Permanent Resident card – helps prove that in August, 2006, he intended to possess the fake Permanent Resident card, and did not possess it by mistake or accident.

WHEREFORE, the government seeks permission to introduce the other crimes evidence described above.

                                          Respectfully submitted,

                                          JEFFREY A. TAYLOR
                                          United States Attorney

By: _____
      Frederick Yette, DC Bar # 385391
      Assistant U.S. Attorney
      Federal Major Crimes Section
      555 4th Street, N.W.
      Washington, D.C. 20530
      (202) 353-1666
      Frederick.Yette@usdoj.gov