UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V. ) | Criminal No. 06-271 (PLF) |
| ) | |
| ) | |
| GUSTAVO VILLANUEVA-SOTELO ) | |

**MOTION TO SUPPRESS PHYSICAL EVIDENCE**

Defendant, by and through undersigned counsel, Steven R. Kiersh, moves this Court to suppress as evidence against him all items that were recovered from his person when he was searched and taken into custody on August 5, 2006.

**I. Introduction**

On August 5, 2006 defendant was approached by four uniformed police officers on Columbia Road, N.W. in the District of Columbia. At the time that defendant was approached on Columbia Road he was not engaged in any criminal conduct known to the law enforcement officials who approached him.

The officers who approached defendant demanded that he show his identification. Defendant produced a Mexican license. His wallet was then grabbed from him, he was handcuffed, searched and placed under arrest. Recovered from defendant's person were the following items: $918.25 in United States currency, 3 pieces of yellow jewelry, and a bag containing what has been characterized as three fraudulent documents.

The seizing officers did not have an articulable suspicion that defendant was engaged in criminal activity that would justify an arrest or search on August 5, 2006.

## II. Defendant Was Arrested Without Lawful Authority and Any Evidence Obtained as a Fruit of the Unlawful Arrest Must Be Suppressed

The Fourth Amendment to the United States Constitution protects against unreasonable government seizures of persons and property. *Katz v. United States*, 389 U.S. 347 (1967). A person is considered "seized" for Fourth Amendment purposes if, under the totality of the circumstances, a reasonable person in the position of the suspect would believe that he or she was not free to leave or to terminate the encounter. *Florida v. Bostick*, 501 U.S. 429, 436-437 (1991).[1]

Because defendant was seized for Fourth Amendment purposes, the seizing officers must have had a reasonable, articulable suspicion to conduct a search. "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000). An inarticulable hunch or generalized suspicion is an insufficient basis upon which to detain a person. *Ybarra v. Illinois*, 444 U.S. 85 (1979).

## III. Conclusion

At the time of his detention, defendant was not engaged in any type of criminal behavior. Defendant has not been provided with any evidence that the seizing officers had any reasonable basis to seize and search him. Accordingly, all fruits of the search must be suppressed as evidence against him. See *Wong Sun v. United States*, 371 U.S. 471 (1963).

---

[1] Defendant was taken into custody when he was encountered by the law enforcement officials on August 5, 2006. There can be no real dispute that he was seized for Fourth Amendment purposes at that time.

          Respectfully submitted,

          _____
          Steven R. Kiersh #323329
          717 D Street, N.W., Suite 400
          Washington, D.C. 20004
          (202) 347-0200