UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| V. ) | Criminal No. 06-271 (PLF) |
| ) | |
| ) | |
| GUSTAVO VILLANUEVA-SOTELO ) | |

**OPPOSITION TO GOVERNMENT'S NOTICE OF INTENT
TO INTRODUCE OTHER CRIMES EIVDENCE**

Defendant, by and through undersigned counsel, in opposition to the Notice of Intent to Introduce Other Crimes Evidence, respectfully sets forth as follows:

I.      The Legal Standard

If evidence of prior bad acts that are criminal in nature and independent of the crime charged is offered to prove predisposition to commit the charged crime, the evidence is inadmissible. As stated in *Drew v. United States*:

> It is a principle of long standing in our law that evidence of one crime is inadmissible to prove disposition to commit crime, from which the jury may infer that the defendant committed the crime charged. Since the likelihood that juries will make such an improper inference is high, courts presume prejudice and exclude evidence of other crimes unless that evidence can be admitted for some substantial, legitimate purpose. *331 F.2d 85 at 89-90 (D.C. Cir.1964)*.

Evidence of other crimes or wrongs may be permitted for purposes unrelated to the defendant's character or propensity to commit crime; such as motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake. Fed.R.Evid. 404(b); *United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000)*.

The government has the burden of proof in regard to the relevance of the "prior bad act" testimony. See *United States v. Moore, 732 F.2d 983 (D.C. Cir. 1984)*. One factor for the trial court to consider in assessing the relevance of another bad act is the period of the time between the indicted offense and the conduct that the government seeks to admit. "The temporal (as well as the logical) relationship between a defendant's later act and his earlier state of mind attenuates the relevance of such proof...." *United States v. Watson, 894 F.2d 1345 at 1349 (D.C. Cir. 1990)*. (A period of two and a half years between an arrest and a charge that is the subject of the indictment deemed too excessive for satisfying the requisite degree of relevance for admissibility under Rule 404(b). *United States v. Foskey, 636 F.2d 517 (D.C. Cir. 1980))*.

Even if the court determines that evidence may be relevant and admissible under Rule 404(b), "it still may be excluded by Rule 403's ban on otherwise relevant evidence whose probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." *United States v. Sutton, 801 F.2d 1346, at 1360-1361 (D.C. Cir. 1986)*. Ordinarily, the trial court has the responsibility to conduct an on-the-record balancing of the probative value of the testimony against its prejudicial effect. *United States v. Washington, 12 F.3d 1128 (D.C. Cir. 1994)*.

Pursuant to Rule 403, the trial court is authorized to exclude what may be otherwise relevant evidence "by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Old Chief v. United States, 519 U.S. 172, at 190 (1997)*.

II.    The Government's Proposed Evidence

The United States seeks to admit a plastic bag containing fake alien registration cards and other items used to generate the fake cards that were recovered from defendant in 1991. It is argued that the items recovered in 1991 are relevant to Count Two in the indictment, Possession of Fraudulent Document Prescribed for Authorized Stay or Employment, 18 U.S.C.E. 1546(a). The government further seeks to introduce testimony that the defendant "admitted [in 1991] that he intended to finish the incomplete documents and sell them." (Govt. Notice, page 3).[1]

According to the government, the proposed evidence helps to establish defendant's knowledge about fake documents and demonstrates that he knew the document in his possession was fake. This would demonstrate intent and that the possession was not by mistake or accident.

III.    The Proposed Evidence is Irrelevant and Its Prejudicial Effect Far Outweighs any Perceived Probative Value

The most obvious problem with the government's proposed evidence is the lack of temporal proximity. A fifteen year span between the two events is not supported by any precedent as being an appropriate time differential for using a prior bad act to establish intent in an entirely unrelated matter. In *United States v. Moore, 732 F.2d 983 (D.C. Cir. 1984),* the government sought to introduce testimony from a paid police informant about a series of drug transactions. The proposed evidence about the uncharged prior drug dealing was being offered to provide the setting for the crime, to

---

[1] The circumstances of defendant's remarks to the U.S. Border Patrol Agent are entirely unknown. Defendant entered a plea of guilty to the 1991 charge and the issue of the voluntariness of the statement was never litigated.

prove intent, and to rebut a defense of entrapment. Over objection, the trial court permitted the testimony which allowed the witness to describe prior drug dealing that occurred over a period of several weeks before the defendants were arrested. Both of the defendants presented defenses directly challenging whether they had the requisite intent to be convicted of the charged crime.

In affirming the decision of the trial judge, the *Moore* court addressed the intent issue and determined that the testimony of the informant set a context which allowed a jury to determine the willingness of the defendants to sell drugs. The court further concluded that testimony was appropriately introduced to rebut the entrapment claim. In assessing the probative value of the evidence, the court stated as follows:

> The bad acts testimony in this case was highly probative on the intent issue. The bad acts alleged could hardly have a closer relationship to the offense than they do. The acts described . . . all took place within a few weeks immediately prior to the defendant's arrests. The acts detailed, included conversations . . . about their drug business, cocaine transactions . . . and observation of high quality drugs around Moore's (defendant) residence. Each and every one of those acts bears a close relationship to the offense charged . . . *Id*. at 989.[2]

In stark contrast to the facts of *Moore,* the evidence that the United States seeks to introduce herein is separated by a vast period of time from the charged offenses, is cumulative and entirely unnecessary in order to establish any element of the charged offenses.

The United States has in its possession the alleged fake permanent resident card that is the subject of Count II of the indictment. The government, through records maintained by the formers INS and the current Department of Homeland Security, has

---

[2] The court expressly distinguished the facts therein from United States v. Foskey, 636 F.2d 517 (D.C. Cir. 1980). Saying the case was "highly distinguishable, the court noted that the two and one half year passage of time had "diluted any probative effect." *Id.*at 988.

4

access to documents that can conclusively establish whether a permanent resident card with a valid A number was issued to defendant.  Those records can then be compared to the subject card and a jury can conclude whatever it feels is appropriate.

There is no real question that the purpose that will be served by admission of the 1991 events will be for propensity.  Clearly, the jury will conclude that if he did the act in 1991, then he must have done the acts charged in the 2006 indictment.  Evidence of a prior bad act is inadmissible to show the propensity of an individual to commit the act of which he is accused.  *United States v. Hernandez, 780 F.2d 113 (D.C. Cir. 1985)*

IV.     Conclusion

As discussed herein, the fifteen year old events of 1991 do not establish defendant's intent, are not necessary to establish any element of the offenses charged, and are not probative of the issues before the court.  "Unless the government can establish the relevancy of the evidence to some issue in the criminal trial, the evidence must be excluded."  *United States v. Day, 591 F.2d 861, 870-871 (D.C. Cir. 1978).*

Even with a determination of relevancy, should the court so find, there remains the issue of allowing what is certainly unfairly prejudicial evidence into the record.  "Under Rule 403 the District Court has discretion to exclude evidence that is unfairly prejudicial where its effect is merely cumulative."  *United States v. Long, 328 F.2d 655 at 664 (D.C. Cir. 2003).*

Defendant urges the Court, in its role as gatekeeper, to prohibit the introduction of irrelevant, cumulative and highly prejudicial evidence.

Respectfully submitted,

_____
Steven R. Kiersh #323329
717 D Street, N.W., Suite 400
Washington, D.C. 20004
(202) 347-0200