IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO.: 006-271 (PLF) |
| v. | : |
| **GUSTAVO VILLANUEVO-SOTELO,** | : |
| Defendant. | : |

**GOVERNMENT'S RESPONSE TO QUESTIONS RAISED
BY THE COURT DURING MOTIONS HEARING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits the following information in response to the questions the Court raised during the motions hearing on January 9, 2007.

During the motions hearing on the defendant's motion to suppress physical evidence, the Court inquired about the appropriateness of Agent Leeper believing in the validity of the 1991 Warrant of Deportation regarding the defendant. Agent Leeper determined that because the Warrant of Deportation was contained in the defendant's Alien File maintained by Immigration and Customs Enforcement, that was sufficient probable cause to believe that the defendant was in the United States illegally on August 5, 2006.

Under federal law, 8 U.S.C. § 1231(a)(5), a prior order of deportation may be reinstated automatically if the defendant returns to the U.S. illegally. That statute provides:

> 5) Reinstatement of removal orders against aliens illegally reentering
>
> If the Attorney General finds that an alien has reentered the United
> States illegally after having been removed or having departed

>voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

In <u>Fernandez-Vargas v. Gonzales</u>, 126 S.Ct. 2422 (2006), the Supreme Court held that the defendant's prior order of deportation could be reinstated under current law. In reaching it's decision, the Court observed: "For some time, the law has provided that an order for removing an alien present unlawfully may be reinstated if he leaves and unlawfully enters again. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 . . . enlarged the class of illegal reentrants whose orders may be reinstated and limited the possible relief from a removal order available to them." <u>Id</u>. at 2425. In this case, Agent Leeper was justified in believing that the defendant's prior Warrant of Deportation was valid and could be reeinstated if he were found in the District of Columbia on August 5, 2006.

The Court's second question related to Agent Leeper's arrest powers. Those arrest powers are granted in 8 U.S.C. § 1357(a). <u>See</u> Attachment A. In accordance with 8 U.S.C. § 1357(a)(2), Agent Leeper had the power to make a warrantless arrest of the defendant "if he ha[d] reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest. . . ." Here, Agent Leeper had reason to believe – or "articulable suspicion" – that the defendant was present in the U.S. in violation of federal law since he previously had been deported.[1] Once Agent Leeper interviewed the

---

[1] At the motions hearing, the government argued, and the Court agreed, that MPD Officer Servis acted properly in approaching and detaining the defendant, after confirming his identity. The government argued that when Officer Servis detained the defendant, he had probable cause to do so. We wish to add another argument in case it becomes relevant during these proceedings.
(continued...)

defendant, the defendant admitted that he entered the country illegally, thus confirming Agent Leeper's articulable suspicion that the defendant had entered the country illegally.  Therefore, Agent Leeper's articulable suspicion blossomed into probable cause, and he properly exercised his power to arrest the defendant.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR
                                        United States Attorney

By: _____
     Frederick Yette, DC Bar # 385391
     Assistant U.S. Attorney
     Federal Major Crimes Section
     555 4th Street, N.W.
     Washington, D.C.  20530
     (202) 353-1666
     Frederick.Yette@usdoj.gov

---

[1](...continued)
That is, when Officer Servis detained the defendant, he had "articulable suspicion," if not probable cause, to detain the defendant based on Agent Leeper's belief that the defendant was present in the U.S. illegally.  We believe that it does not matter whether the defendant was detained based on "articulable suspicion" or "probable cause," because under either standard his detention was proper.  Moreover, the retention of his fraudulent identity documents was also proper.