8 USCA S 1357                                                                                              **Page 1**
 8 U.S.C.A. § 1357
▷

Effective: August 12, 2006

UNITED STATES CODE ANNOTATED
TITLE 8. ALIENS AND NATIONALITY
CHAPTER 12--IMMIGRATION AND NATIONALITY
SUBCHAPTER II--IMMIGRATION
PART IX--MISCELLANEOUS
§ 1357. Powers of immigration officers and employees

 (a) Powers without warrant

Any officer or employee of the Service authorized under regulations prescribed by the Attorney General shall have power without warrant--

(1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;

(2) to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States, if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States;

(3) within a reasonable distance from any external boundary of the United States, to board and search for aliens any vessel within the territorial waters of the United States and any railway car, aircraft, conveyance, or vehicle, and within a distance of twenty-five miles from any such external boundary to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States;

(4) to make arrests for felonies which have been committed and which are cognizable under any law of the United States regulating the admission, exclusion, expulsion, or removal of aliens, if he has reason to believe that the person so arrested is guilty of such felony and if there is likelihood of the person escaping before a warrant can be obtained for his arrest, but the person arrested shall be taken without unnecessary delay before the nearest available officer empowered to commit persons charged with offenses against the laws of the United States;  and

(5) to make arrests--

(A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or

(B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such a felony,

if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

Under regulations prescribed by the Attorney General, an officer or employee of the Service may carry a firearm and may execute and serve any order, warrant, subpoena, summons, or other process issued under the authority of the United States.  The authority to make arrests under paragraph (5)(B) shall only be effective on and after the date on which the Attorney General publishes final regulations which (i) prescribe the categories of officers and employees of the Service who may use force (including deadly force) and the circumstances under which such force may be used, (ii) establish standards with respect to enforcement activities of the Service, (iii) require

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

that any officer or employee of the Service is not authorized to make arrests under paragraph (5)(B) unless the officer or employee has received certification as having completed a training program which covers such arrests and standards described in clause (ii), and (iv) establish an expedited, internal review process for violations of such standards, which process is consistent with standard agency procedure regarding confidentiality of matters related to internal investigations.

(b) Administration of oath;  taking of evidence

Any officer or employee of the Service designated by the Attorney General, whether individually or as one of a class, shall have power and authority to administer oaths and to take and consider evidence concerning the privilege of any person to enter, reenter, pass through, or reside in the United States, or concerning any matter which is material or relevant to the enforcement of this chapter and the administration of the Service;  and any person to whom such oath has been administered, (or who has executed an unsworn declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of Title 28) under the provisions of this chapter, who shall knowingly or willfully give false evidence or swear (or subscribe under penalty of perjury as permitted under section 1746 of Title 28) to any false statement concerning any matter referred to in this subsection shall be guilty of perjury and shall be punished as provided by section 1621 of Title 18.

(c) Search without warrant

Any officer or employee of the Service authorized and designated under regulations prescribed by the Attorney General, whether individually or as one of a class, shall have power to conduct a search, without warrant, of the person, and of the personal effects in the possession of any person seeking admission to the United States, concerning whom such officer or employee may have reasonable cause to suspect that grounds exist for denial of admission to the United States under this chapter which would be disclosed by such search.

(d) Detainer of aliens for violation of controlled substances laws

In the case of an alien who is arrested by a Federal, State, or local law enforcement official for a violation of any law relating to controlled substances, if the official (or another official)--

(1) has reason to believe that the alien may not have been lawfully admitted to the United States or otherwise is not lawfully present in the United States,

(2) expeditiously informs an appropriate officer or employee of the Service authorized and designated by the Attorney General of the arrest and of facts concerning the status of the alien, and

(3) requests the Service to determine promptly whether or not to issue a detainer to detain the alien,

the officer or employee of the Service shall promptly determine whether or not to issue such a detainer.  If such a detainer is issued and the alien is not otherwise detained by Federal, State, or local officials, the Attorney General shall effectively and expeditiously take custody of the alien.

(e) Restriction on warrantless entry in case of outdoor agricultural operations

Notwithstanding any other provision of this section other than paragraph (3) of subsection (a) of this section, an officer or employee of the Service may not enter without the consent of the owner (or agent thereof) or a properly executed warrant onto the premises of a farm or other outdoor agricultural operation for the purpose of interrogating a person believed to be an alien as to the person's right to be or to remain in the United States.

(f) Fingerprinting and photographing of certain aliens

(1) Under regulations of the Attorney General, the Commissioner shall provide for the fingerprinting and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

photographing of each alien 14 years of age or older against whom a proceeding is commenced under section 1229a of this title.

(2) Such fingerprints and photographs shall be made available to Federal, State, and local law enforcement agencies, upon request.

(g) Performance of immigration officer functions by state officers and employees

(1) Notwithstanding section 1342 of Title 31, the Attorney General may enter into a written agreement with a State, or any political subdivision of a State, pursuant to which an officer or employee of the State or subdivision, who is determined by the Attorney General to be qualified to perform a function of an immigration officer in relation to the investigation, apprehension, or detention of aliens in the United States (including the transportation of such aliens across State lines to detention centers), may carry out such function at the expense of the State or political subdivision and to the extent consistent with State and local law.

(2) An agreement under this subsection shall require that an officer or employee of a State or political subdivision of a State performing a function under the agreement shall have knowledge of, and adhere to, Federal law relating to the function, and shall contain a written certification that the officers or employees performing the function under the agreement have received adequate training regarding the enforcement of relevant Federal immigration laws.

(3) In performing a function under this subsection, an officer or employee of a State or political subdivision of a State shall be subject to the direction and supervision of the Attorney General.

(4) In performing a function under this subsection, an officer or employee of a State or political subdivision of a State may use Federal property or facilities, as provided in a written agreement between the Attorney General and the State or subdivision.

(5) With respect to each officer or employee of a State or political subdivision who is authorized to perform a function under this subsection, the specific powers and duties that may be, or are required to be, exercised or performed by the individual, the duration of the authority of the individual, and the position of the agency of the Attorney General who is required to supervise and direct the individual, shall be set forth in a written agreement between the Attorney General and the State or political subdivision.

(6) The Attorney General may not accept a service under this subsection if the service will be used to displace any Federal employee.

(7) Except as provided in paragraph (8), an officer or employee of a State or political subdivision of a State performing functions under this subsection shall not be treated as a Federal employee for any purpose other than for purposes of chapter 81 of Title 5 (relating to compensation for injury) and sections 2671 through 2680 of Title 28 (relating to tort claims).

(8) An officer or employee of a State or political subdivision of a State acting under color of authority under this subsection, or any agreement entered into under this subsection, shall be considered to be acting under color of Federal authority for purposes of determining the liability, and immunity from suit, of the officer or employee in a civil action brought under Federal or State law.

(9) Nothing in this subsection shall be construed to require any State or political subdivision of a State to enter into an agreement with the Attorney General under this subsection.

(10) Nothing in this subsection shall be construed to require an agreement under this subsection in order for any officer or employee of a State or political subdivision of a State--

(A) to communicate with the Attorney General regarding the immigration status of any individual, including

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

reporting knowledge that a particular alien is not lawfully present in the United States;  or

(B) otherwise to cooperate with the Attorney General in the identification, apprehension, detention, or removal of aliens not lawfully present in the United States.

(h) An alien described in section 1101(a)(27)(J) of this title who has been battered, abused, neglected, or abandoned, shall not be compelled to contact the alleged abuser (or family member of the alleged abuser) at any stage of applying for special immigrant juvenile status, including after a request for the consent of the Secretary of Homeland Security under section 1101(a)(27)(J)(iii)(I) of this title.

CREDIT(S)

(June 27, 1952, c. 477, Title II, ch. 9, § 287, 66 Stat. 233;  Oct. 18, 1976,  Pub.L. 94-550, § 7, 90 Stat. 2535; Oct. 27, 1986, Pub.L. 99-570, Title I, § 1751(d), 100 Stat. 3207-47;  Nov. 6, 1986, Pub.L. 99-603, Title I, § 116, 100 Stat. 3384;  Oct. 24, 1988, Pub.L. 100-525, §§ 2(e), 5, 102 Stat. 2610, 2615;  Nov. 29, 1990, Pub.L. 101-649, Title V, § 503(a), (b)(1), 104 Stat. 5048;  Dec. 12, 1991, Pub.L. 102-232, Title III, § 306(a)(3), 105 Stat. 1751;  Sept. 30, 1996, Pub.L. 104-208, Div. C, Title I, § 133, Title III, § 308(d)(4)(L), (e)(1)(M), (g)(5)(A)(i), 110 Stat. 3009-563, 3009-618, 3009-619, 3009-623;  Jan. 5, 2006, Pub.L. 109-162, Title VIII, § 826, 119 Stat. 3065;  Aug. 12, 2006, Pub.L. 109-271, § 6(g), 120 Stat. 763.)

HISTORICAL AND STATUTORY NOTES

Revision Notes and Legislative Reports

1952 Acts. House Report No. 1365 and Conference Report No. 2096, see 1952 U.S. Code Cong. and Adm. News, p. 1653.

1976 Acts. House Report No. 94-1616, see 1976 U.S. Code Cong. and Adm. News, p. 5644.

1986 Acts. Statement by President, see 1986 U.S. Code Cong. and Adm. News, p. 5393.

House Report No. 99-682(Parts I-V) and House Conference Report No. 99- 1000, see 1986 U.S. Code Cong. and Adm. News, p. 5649.

1990 Acts. House Report No. 101-723(Parts I and II), House Conference Report No. 101-955, and Statement by President, see 1990 U.S. Code Cong. and Adm. News, p. 6710.

1991 Acts. House Report Nos. 102-287, 102-380, and 102-383, see  1991 U.S. Code Cong. and Adm. News, p. 1362.

2006 Acts. House Report No. 109-233, see 2005 U.S. Code Cong. and Adm. News, p. 1636.

References in Text

The Federal immigration laws, referred to in subsec. (g)(2), are classified generally to this title.

Codifications

Pub.L. 104-208, § 308(e)(1)(M), referred to language not present in the provision purportedly amended.

Amendments

2006 Amendments. Subsec. (h).  Pub.L. 109-271, § 6(g), redesignated former subsec. (i) as subsec. (h).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.