

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

**FILED**
JAN 2 2 2007

*District of Columbia* NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

06-271

January 22, 2007

**BY FAX**
Steven Kiersh, Esq.
717 D Street, N.W.
Suite 400
Washington, D.C. 20004

      Re: <u>U.S. v. Gustavo Villanueva-Sotelo</u>

Dear Mr. Kiersh:

      This letter sets forth the plea agreement this Office is willing to enter into with your client, Gustavo Villanueva-Sotelo (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

      1. **Charges**. Your client agrees to plead guilty to Possession of Fraudulent Document Prescribed for Authorized Stay or Employment, in violation of 18 U.S.C. § 1546(a); and Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a) and (b)(1), offenses which are charged in an Indictment that has been filed in the United States District Court for the District of Columbia.

      Your client agrees that the attached "Factual Proffer in Support of Guilty Plea" fairly and accurately describes your client's actions and involvement in the offenses to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the "Factual Proffer in Support of Guilty Plea" as a written proffer of evidence.

      2. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 1546(a), Possession of Fraudulent Document Prescribed for Authorized Stay or Employment, carries a sentence of not more than 10 years imprisonment, a fine of not more than

$250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2).

Your client understands that pursuant to 8 U.S.C. § 1326(b)(1), Unlawful Reentry of a Removed Alien carries a maximum penalty of 10 years of imprisonment, a maximum fine of $250,000, or both, and a maximum period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2).

In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

3. **Additional charges**. Your client understands and agrees that the offense of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, will not be dismissed and that the government will pursue that count of the Indictment at trial.

4. **Release/Detention and Actions Pending Sentencing.** Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case.

5. **Sentencing Guidelines Stipulations**. Your client understands that the sentences for Possession of Fraudulent Document Prescribed for Authorized Stay or Employment and Unlawful Reentry of a Removed Alien will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), and 3553(c) through (e), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual - 2006 Edition (hereinafter "Sentencing Guidelines" or "U.S.S.G"). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

The parties agree that the defendant's Offense Level for Possession of Fraudulent Document Prescribed for Authorized Stay or Employment will be determined by the provisions contained in the Sentencing Guidelines, §2L2.2, and that, at a minimum, the Specific Offense Characteristics described below should apply. However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

The Base Offense Level for §2L2.2(a) is 8. The parties agree that pursuant to §2L2.2(b)(1), the offense level should be increased by 2 levels because the defendant has been deported on a prior occasion. The parties also agree that pursuant to §2L2.2(b)(2)(A), the offense level should be increased by another 2 levels because the defendant has a prior conviction for a felony immigration and naturalization offense. These increases result in an Adjusted Offense Level of 12, for Possession of Fraudulent Document Prescribed for Authorized Stay or Employment.

2

The parties agree that the defendant's Offense Level for Unlawful Reentry of a Removed Alien will be determined by the provisions contained in the Sentencing Guidelines, §2L1.2, and that, at a minimum, the Specific Offense Characteristics described below should apply. However, the calculations set forth below are simply an estimate, and are not binding on the Court or the U.S. Probation Office.

The Base Offense Level for §2L1.2(a) is 8. The parties agree that pursuant to §2L1.2(b)(1)(D), the offense level should be increased by 4 levels because the defendant has a prior felony conviction. This increase results in an Adjusted Offense Level of 12, for Unlawful Reentry of a Removed Alien.

6. **Acceptance of Responsibility**. Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a 2-level reduction would be appropriate, pursuant to §3E1.1(a) of the Sentencing Guidelines.

7. **Court Not Bound by the Plea Agreement or the Sentencing Guidelines**. It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offenses authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

8. **Reservation of Allocution**. The parties further agree that a sentence within the applicable Guidelines Range established by the Sentencing Guidelines, if determined in accordance with the parties' stipulations in this Agreement, would constitute a reasonable sentence in light of all of the factors set forth in Title 18, United States Code, Section 3553(a). In addition, neither party will seek a sentence outside of the applicable Guideline Range or suggest that the Court consider a sentence outside that Guidelines Range. Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Sentencing Guidelines range the Defendant should be sentenced.

3

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, see U.S.S.G., Section 3E1.1, and/or imposition of an adjustment for obstruction of justice, see U.S.S.G., Section 3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C., Section 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

9. **Deportation**. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the U.S. Immigration and Customs Enforcement, shall breach this plea agreement.

10. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement and related documents for your client into your client's native language. If no such request is made, then the defendant hereby declares that he understands the English language sufficiently well to read and understand this plea agreement.

11. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during

the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions.

13. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will

any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

Sincerely,

*Jeffrey A. Taylor,*
United States Attorney

*Frederick W. Yette,*
Assistant U.S. Attorney

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea. The terms of this plea agreement, and conversations with my attorney, have all been translated from English to Spanish by a court certified interpreter so that I may fully understand the information contained in this document, as well as my attorney's information and advice.

01/22/07
Date

Gustavo Villanueva-Sotelo

6

## Defense Counsel's Acknowledgment

I am Gustavo Villanueva-Sotelo's attorney. The plea agreement accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

1/22/07
Date

Steven Kiersh,
Counsel for M~~s. ~~~~~~~~

GUSTAVO VILLANUEVA-SOTELO