IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : CRIMINAL NO. : 06-271 (PLF) |
| | : |
| v. | : |
| | : |
| **GUSTAVO VILLANUEVA-SOTELO** | : |
| | : |
| **Defendant.** | : |
| | : |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully files this memorandum to aid the Court in its sentencing decision. For the reasons explained below, the government urges the Court to the maximum sentence of 24 months for the defendant's convictions for Unlawful Reentry of a Removed Alien (Count 1), and Possession of a Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States (Count 2). The government's reasoning for this request is explained below.

On August 5, 2006, agents from U.S. Immigration and Customs Enforcement placed the defendant under administrative arrest for being present in the United States illegally. A police officer had detained the defendant earlier that day, while he was sitting in a park on Columbia Road, NW, Washington, DC, in an area well-known as the place to buy illegal identity documents. When an MPD officer approached the defendant in the park, he presented the officer with a fraudulent Permanent Resident card that bore the defendant's name, birth date and photograph. That fraudulent card also bore a real alien number that had been issued by ICE to another alien.[1]

---

[1] Because the card bore a real alien number, the government charged the defendant, in Count 3 of the Indictment, with Aggravated Identity Theft, in violation of 18 USC § 1028A. The Court granted the defendant's motion to dismiss that count, and the government is considering an appeal of the dismissal.

According to paragraph 62 of the Presentence Report, the defendant is facing a sentence of 18 to 24 months incarceration based upon his convictions for Counts 1 and 2. The government strongly urges the Court to impose the maximum sentence of 24 months.

Based upon the sentencing factors described in 18 USC § 3553(a), the maximum sentence is appropriate. First, a 24 month sentence would be appropriate to promote the defendant's respect for the law through fair and just punishment, and to deter him from committing future offenses. This case is not the defendant's first brush with the criminal justice system. He has been deported from the U.S. before, and convicted for the crime of returning to the U.S. illegally. He also has been previously convicted of possessing illegal identity documents.[2] Although 15 years has passed since the defendant's commission of those criminal acts, that is no justification for his commission of essentially the same crimes. His repetition of his earlier crimes is, however, good reason to impose the strongest sentence recommended by the sentencing guidelines.

Furthermore, the public should be protected from individuals who possess and sell fake identification documents. Many fake identity documents will include real identification numbers – such as social security numbers, birth dates, credit card information, or, as in this case, a real alien identification number – that belong to real individuals. The possession, sale and use of identification information belonging to real people is not a harmless and insignificant crime. Selling and

---

[2]In 1991, the defendant was arrested in Oroville, Washington for illegally reentering the U.S., and for possessing fake identity documents. At the time of those offenses, the defendant was stopped by the police during a traffic stop and arrested for driving on a suspended California license. During a search of his car, the police discovered a plastic bag that contained numerous fraudulent documents, including 11 partially completed social security cards; 13 partially completed alien registration cards (Form I-151's); 10 blank Form I-151's; 19 green wavy lined plastic photo overlays, which were used to make fake alien registration cards; and 17 unused laminates, which are used to make fake alien registration cards. These fake documents included a fraudulent social security card and alien registration card, both in the defendant's name. The defendant admitted that he had purchased the fake documents, and that he intended to type them up and sell them.

possessing fake identification documents that contain real identification information can lead to other criminal activity. For example, many people who buy fraudulent identification documents are present in the U.S. illegally, and may use their fake documents to help obtain employment to which they are not entitled under U.S. law. Indeed, the defendant used his fake permanent resident card to identify himself to a police officer who was questioning him about his true identity. The defendant's willingness to offer a fake ID to a police officer indicates that if given the chance, he would have used his fake ID with a real person's alien number in other ways – possibly in ways that could have exposed an unsuspecting victim's real alien number to misuse.

In short, this defendant is someone who has already been deported from the United States twice, and who will be deported for a third time. He is also a defendant who repeatedly continues to violate federal laws by possessing fraudulent identification documents. The defendant is not an individual who deserves leniency. The sentence he receives should reflect the fact that his crimes are serious and that the public needs to be protected from future crimes he may seek to commit.

WHEREFORE, the government requests that the Court impose a 24 month sentence, which is within the applicable sentencing guideline range.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

By: _____
Frederick Yette, DC Bar # 385391
Assistant U.S. Attorney
Federal Major Crimes Section
555 4th Street, N.W.
Washington, D.C. 20530
(202) 353-1666
Frederick.Yette@usdoj.gov